**CHAI LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2247–ag.

United States Court of Appeals,
Second Circuit.

April 25, 2007.

Chai Li, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, P. Michael Truman, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Chai Li, a native and citizen of China, seeks review of an April 18, 2006 order of the BIA affirming, without opinion, the January 25, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Chai Li*, No. A97 318 820 (B.I.A. April 18, 2006), *aff'g* No. A97 318 820 (Immig. Ct. N.Y. City Jan. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Exhaustion

A petitioner must exhaust her administrative remedies in both the categories of relief that she seeks and the individual issues on which that relief may turn. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004). Exhaustion generally means presenting these issues on appeal to the BIA. *See Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir.2004); *cf. Restrepo v. McElroy*, 369 F.3d 627, 633 n. 10 (2d Cir. 2004).

■ Although issue exhaustion is not jurisdictional, as a general rule, this Court will not consider issues not raised to the BIA even where the BIA has issued a summary affirmance. *See Lin Zhong v. U.S. Dep't. Of Justice*, 480 F.3d 104, 123–24 (2d Cir.2007). Because Li did not claim persecution on the basis of a particular social group in her asylum application or raise any arguments on that ground on appeal to the BIA, she has not exhausted that issue. *See Foster*, 376 F.3d at 77–78. The Government has affirmatively asserted that Li failed to exhaust that issue; review is, therefore, inappropriate. *See Lin Zhong*, 480 F.3d at 125.

■ Moreover, although Li specifically asserted a religious persecution claim in her asylum application and testified as to the basis of the claim before the IJ, because she · did not reference religious persecution or adverse credibility in her appeal to the BIA, that issue is also unexhausted.

## II. Merits

To the extent that Li claims that the IJ failed to properly consider country conditions, Li's petition lacks merit because the adverse credibility determination was supported by substantial evidence making any determination of country conditions irrelevant. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

The IJ based the adverse credibility determination on Li's inconsistent testimony. Li testified that she had been beaten near her home on two of three occasions, but her written statement indicated only that she had been dragged out of church, questioned, and warned. Li's inconsistencies are not minor, as they relate to the heart of her claim that she was persecuted. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005) (determination supported by inconsistency between applicant's written statement and hearing testimony regarding whether, during a particular occasion on which his claim hinged, rival political party members had ransacked his home in his absence or had abused and threatened him personally). Moreover, Li's credibility is further called into question by the fact that she told the IJ that she had forgotten to mention the beatings in her written statement, but she argues in this Court that her written statement and testimony described the same events, albeit using different words. For this Court to reverse an adverse credibility determination, Li must do more than show that there was some plausible explanation for the inconsistency. See Wu Biao Chen v. I.N.S., 344 F.3d 272, 275–76 (2d Cir.2003) (holding that "substantial evidence standard requires [a petitioner] to do more than simply offer a 'plausible' alternative theory; instead, to warrant reversal of the BIA's decision, [a petitioner] must demonstrate that a reasonable fact-finder would be compelled to credit his testimony").

As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." Zhou Yun Zhang, 386 F.3d. at 71; Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Li has waived her claim to CAT relief because, as well as not raising the claim before the BIA, she did not raise it in her brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).